**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FOCUS DIRECT, INC. and
WILLIAM J. ROBBINS, individually,

Plaintiffs,

vs.

ECOWATER SYSTEMS, INC.
AND KERKER MARKETING
COMMUNICATIONS,

Defendants.

Case Number 01-1019 JRT/FLN

**STIPULATION AND ORDER REGARDING CONFIDENTIAL MATERIALS**

---

IT IS HEREBY STIPULATED AND AGREED by and between the parties through their attorneys, that:

1. This Stipulation Regarding Confidential Materials ("Stipulation") sets forth a mechanism by which the parties to this action may disclose in discovery and in Court confidential matters. It is intended to apply to trade secrets, commercial information and all other confidential materials which should not be made available to competitors or to the public generally.

2. As used herein, "confidential matter" shall mean any document furnished in the course of this litigation by any party which the furnishing party, in good faith, deems confidential and designated as such by the producing party, pursuant to paragraph 3 below. Confidential matter shall not include any material which is or becomes a matter of public record, or which is disseminated without the protection of a confidentiality stipulation or order by the party claiming confidential matter status. Material which has or does become a matter of public record because of any violation of a confidentiality stipulation or order shall not thereby lose confidential matter status.

FILED [illegible] 1 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. The producing party shall stamp or affix the word "CONFIDENTIAL" on each document which the producing party maintains contains confidential matter. All such notice of classification shall be affixed in the manner that does not interfere with the legibility of the material(s).

4. Any party may at any time object to such designation. Should the producing and objecting parties be unable to informally resolve such objection, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves such dispute, the materials shall be treated as confidential matter.

5. Except by order of the Court, confidential matter shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than the following:

a. The attorneys for the parties in this litigation and their employees, and counsel regularly employed by any party assisting in the preparation of this litigation for Court;

b. A party or persons employed by a party in this litigation to assist them in evaluation, preparation or testimony in this case, including accountants and expert witnesses;

c. Any persons from whom testimony is taken or to be taken in this litigation, except that such a person may only be shown confidential matter during his testimony and in preparation therefore and only to the extent necessary for such preparation or testimony.

6. The persons described in paragraph 5, and any person who receives confidential matter pursuant to paragraph 5 above, are enjoined from disclosing such to any person, except in conformance with this Stipulation or subsequent Order of the Court.

7. Any party or person giving testimony in these proceedings may designate that portion of his or her testimony deemed to be confidential by advising the reporter of such fact. The reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the word "CONFIDENTIAL." Whenever any document or other item designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in these proceedings, it shall also be marked.

8. No party or person shall have access to confidential matter until that party or person has signed an agreement to be bound by this Stipulation. No party has an obligation to disclose confidential matter until the party or persons seeking access has signed an agreement to be bound by the terms of this Stipulation, and sent a copy of the agreement to the producing party. The agreement shall essentially be in the form of the acknowledgment attached hereto as Exhibit A.

9. No designated confidential matter, and no brief, memorandum, affidavit or other paper disclosing confidential matter, other than identification of documents, shall be filed in the public record of this matter, but may be filed with the Clerk of Court and arrangements shall be made with the Court for the maintenance of separate sealed files for such confidential matter.

10. Materials containing confidential matter shall be kept in a secure file or facility, except when the materials are being used in the preparation and the trial of a case.

11. Any party or person obtaining access to confidential matter shall use the materials only for the preparation of the case, for trial or appeal of actions governed by this Stipulation, and shall not use the information for any other purpose.

12. Notwithstanding any provision herein to the contrary, if any party to this Stipulation shall conclude in good faith that for the purpose of this action, it needs to disclose any information contained in or derived from any confidential matter to any person not permitted to obtain such information pursuant to paragraph 5 of this Stipulation, it may request permission from counsel for the party designating the confidential matter to do so for specified information. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made.

13. At any time, the party originally designating materials as confidential matter may agree in writing, or on the record during any deposition or testimony, to declassify as non-confidential any materials it previously designated as confidential matter.

14. In the event any confidential matter is used in any proceeding herein, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15. After final disposition of this action, all documents and copies thereof of any confidential matter in the possession, custody or control of any non-producing party shall be either returned to the producing party or destroyed. In addition, all transcripts of testimony and depositions designated as confidential matter shall be disposed of in a manner directed by the Court upon motion by the party designating the materials or testimony as confidential. All counsel may keep all notes and memoranda embodying information obtained from confidential documents for the purpose of preserving a file of these actions, but such file shall remain confidential and subject to the restrictions of this Stipulation.

16. Any party may at any time apply to the Court for a modification of or an exception to this Stipulation.

Dated: October 10, 2001

SKOLNICK & ASSOCIATES, P.A.

By ______________________________
William R. Skolnick
Rolin L. Cargill, III
510 Marquette Avenue South, Suite 200
Minneapolis, MN 55402
(612) 677-7600

and

ANDERSON, BLACKARD GARDNER & RANKIN
G. Phillip Anderson
John O. Belcher
155 Franklin Road, Suite 270
Brentwood, Tennessee 37027
615-377-9370

**ATTORNEYS FOR PLAINTIFFS**

Dated: October 11, 2001.

MACKALL, CROUNSE & MOORE, PLC

By: ______________________________
Lawrence R. Commers (#18235)
Tim A. Staum (#190470)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402
(612) 305-1400

**ATTORNEYS FOR DEFENDANT ECOWATER SYSTEMS, INC.**

**ORDER**

Upon the foregoing Stipulation of counsel for the parties, IT IS SO ORDERED.

Dated: Oct. 15, 2001

BY THE COURT:

[signature]

Magistrate Judge of United States District Court

TAS/kbh/607317.1
085098-00256

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500